IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| HINDA MOHAMED | * | |
| (Plaintiff) | * | COMPLAINT 1:15-CV-1037 (JCC/IDD) |
| vs. | * | |
| REAL TIME RESOLUTIONS, INC. | * | JURY TRIAL DEMANDED |
| (Defendant) | * | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

PARTIES

2. Plaintiff is a natural person who resides in Prince William County, Virginia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

3. Defendant Real Time Resolutions, Inc. ("RTR") is a collection agency, and its principal place of business is located at 1349 Empire Central Dr., Suite 150, Dallas, TX 75247

4. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it is a company collecting the debts of another, and its primary business is the collection of debts.

FACTUAL ALLEGATIONS

5. On or about April 3, 2007, Plaintiff incurred a financial obligation that was primarily

for personal, family or household purposes and is therefore are "debts" as that term is defined by 15 U.S.C. § 1692a(5); namely, a promissory note in favor of Bear Stearns Residential Mortgage Corporation (the "Note") secured by a junior lien on real property located on 2500 North Van Dorn, Unit 625, Alexandria, VA 22303. A copy of this Note is attached as **Exhibit A**.

6. The promissory note is a negotiable instrument as defined by Va Code. § 8.3A-104.

7. At some point thereafter, it appears the Note was indorsed to EMC Mortgage Corp., and subsequently EMC indorsed the Note in blank, making it bearer paper.[1]

8. Due to certain financial hardships, Plaintiff failed to make any payments on this obligation and went into default.

9. Accordingly, the real property sold in a foreclosure sale in early 2008, allegedly without any of the proceeds going towards the junior lienholder.

10. On or about January 5, 2012, Nationstar Mortgage, LLC, the alleged servicer for the holder of the Note, transferred this obligation to Defendant RTR for collection.

11. Subsequently Defendant began to call Plaintiff incessantly, multiple times per day.

12. Having reached her wit's end, Plaintiff wrote Defendant a letter on or about May 4, 2015, stating that she felt harassed by the number of calls and that she believed that the statute of limitations had run on any efforts to collect on the Note.

13. On or about June 5, 2015, Samuel Trakhtenbroit, one of Defendant's staff attorneys, falsely stated to Plaintiff that applicable statute of limitations was 6 years past the due date, according to Va Code Ann. § 8.01-246(2), and therefore Defendants would be able to collect until 2043. A copy of this communication is attached as **Exhibit B**.

---

[1] Upon information and belief, Plaintiff alleges that this loan eventually sold to a securitized trust.

14. In reality, the statute of limitations for negotiable instruments, such as the Note, is governed by Va Code Ann. § 8.3A-118, which reads

(b) Except as provided in subsection (d) or (e), if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand. **If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years.**

15. Plaintiff never made a payment on the Note, so the statute of limitations would expire in 2017, rather than 2043.

## COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendant's incessant calling is a violation of 15 U.S.C. §§ 1692c(a)(1) and 1692d, which prohibits any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

18. Defendant's false statement that it would be able to collect on this debt for an additional **26 years** beyond the actual statute of limitations qualify as violations of 15 U.S.C. §§ 1692e and 1692e(10).

19. Plaintiff has been severely agitated, annoyed, traumatized, and emotionally damaged by the actions of the Defendant.

20. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 14th day of August, 2015;

HINDA MOHAMED

By: /s/ Jeremy C. Huang
Jeremy C. Huang, VSB 76861
HUANG LAW, PLLC
4201 Leonard Dr.
Fairfax, VA 22030
(P) 703-755-0214 / (F) 571-285-0065
jeremy@huanglawoffice.com
*Attorney for Plaintiff*

# NOTE

April 03, 2007  **FALLS CHURCH**  **VIRGINIA**
*Date*  *City*  *State*

2500 North Van Dorn, Alexandria, VA 22302
*Property Address*

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 28,000.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is **Bear Stearns Residential Mortgage Corporation**. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

**2. INTEREST**

I will pay interest at a yearly rate of 11.875 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

**3. PAYMENTS**

I will pay principal and interest by making payments each month of U.S. $ 285.33
I will make my payments on the **1st** day of each month beginning on **June 01 2007**. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on **May 01, 2037** I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at **PMT Processing Dept, P. O. Box 225749, Dallas, TX 75222-5749** or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment, but not less than U.S. $ **NA** and not more than U.S. $ **NA**. I will pay this late charge only once on any late payment.

(B) Notice from Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

(C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A DEED OF TRUST**

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated April 03, 2007, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

20691044  20691044

VIRGINIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT  Form 3947

Page 1 of 2
VMP MORTGAGE FORMS (800)521-7291

-75(VA) (0204) 01  Initials: *hm*

### 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

### 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

### 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

### 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

### 10. HOMESTEAD EXEMPTION

I waive my Homestead Exemption.

_____ (Seal)
Hinda Mohamed       -Borrower

_____ (Seal)
                    -Borrower

_____ (Seal)
                    -Borrower

_____ (Seal)
                    -Borrower

_____ (Seal)
                    -Borrower

Pay to the order of
Without Recourse by EMC Mortgage Corporation
_____ (Seal)
                    -Borrower
PATRICIA DORITY

Pay to the Order of EMC Mortgage Corporation
Without Recourse By
BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION
_____ (Seal)
                    -Borrower
PATRICIA DORITY
Post Closing Supervisor

(Sign Original Only)

This is to certify that this is the Note described in and secured by a Deed of Trust dated April 03, 2007 on the Property located in Alexandria, Virginia.

My Commission Expires: 11/30/2007      _____
                                        Notary Public

20691044                                                    20691044

-75(VA) (0204).01                  Page 2 of 2                   Form 3947



# REAL TIME

June 5, 2015

Hinda Mohamed
1978 Teasel Court
Woodbridge, VA 22192-2944

RE: Account No.: 0596602367 (the "**Account**")

Ms. Mohamed:

Real Time Resolutions, Inc. ("**RTR**") is committed to customer service and we hope this response addresses the concerns raised in your written inquiry (the "**Inquiry**"), dated May 4, 2015. Please be advised that RTR is the collection agent for a promissory note (the "**Note**") formerly secured by a junior lien on the property located at 2500 N. Van Dorn, Alexandria, Virginia 22302 (the "**Property**"). The Account was transferred from NationStar Mortgage to RTR for collections on January 5, 2012.

In the Inquiry, you allege that RTR is barred from collecting upon the debt as the statute of limitations has expired. RTR respectfully disagrees. It is RTR's belief that the foreclosure in 2008 did not extinguish the entire unpaid principal on the Account, and the remaining unpaid principal balance of $28,457.30 still remains outstanding as an unsecured debt. RTR further believes that under Virginia law, the statute of limitations for the Account does not generally expire until 5 years after the Account's maturity date. *See* VA Code Ann. § 8.01-246(2); Faison v. Hughson, 80 Va. Cir. 96, 102 (2010). Per the attached copy of the Note signed by you on April 3, 2007, the maturity date of the Account is May 1, 2037. Therefore, RTR believes its collection efforts regarding the Account are accurate and in full compliance with applicable law.

If you would like to discuss the available options for the Account, please contact RTR toll free at 866-803-9892.

Sincerely,

Samuel Trakhtenbroit
Staff Attorney

**Enclosure**: Note

IMPORTANT NOTICE REQUIRED BY LAW: Federal law requires us to notify you that (a) Real Time Resolutions, Inc. is considered a debt collector, (b) this is an attempt to collect a debt and (c) any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this letter is not an attempt to collect a debt from you personally to the extent it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

1349 Empire Central Dr., Ste 150, Dallas, TX 75247
Main 877-469-7325 • Facsimile 214-599-6357
Corporate Hours of Operation: Monday through Friday 8:30 AM to 5:30 PM Central